**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-8126**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS WOODS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William  D.  Quarles,  Jr.,  District
Judge.  (1:07-cr-00127-WDQ-1)

———————

Submitted: March 26, 2013           Decided:  March 28, 2013

———————

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carlos  Woods,  Appellant  Pro  Se.   John  Walter  Sippel,  Jr.,
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Woods was convicted after a jury trial of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012), and sentenced to 262 months' imprisonment. Following the affirmance of his convictions and the denial of his 28 U.S.C.A. § 2255 (West Supp. 2012) motion, Woods—proceeding pro se—filed a self-styled "Motion for Discovery." In the motion, Woods asserted that he did not know "everything the prosecution h[a]d in their possession concerning his case." Relying on the Fifth Amendment, Woods moved for the release of the "discovery" in his case. Liberally construing Woods' motion, Erickson v. Pardus, 551 U.S. 89, 94 (2007), he sought discovery under Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"). The district court denied the motion, and Woods appealed.

After review of the record, we find no reversible error in the district court's denial of the motion for discovery. "There is no general constitutional right to discovery in a criminal case, and Brady did not create one." United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010) (internal quotation marks omitted). Woods can only speculate as

2

to what the requested information might reveal and thus cannot satisfy Brady's requirements that the information be favorable to him and material to his guilt or punishment.[*]

Accordingly, we affirm the district court's denial order. United States v. Woods, No. 1:07-cr-00127-WDQ-1 (D. Md. Dec. 10, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Insofar as Woods' motion was not predicated on Brady, he did not identify the authority providing for the relief he sought and, in any event, did not establish a particularized need for the information or that any harm would result from the failure to grant his discovery request.